**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 09 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

STEPHEN E. HOLLIS and his wife
CHRISTY HOLLIS                                                     PLAINTIFFS

vs.                          CASE NO. 3:15 - cv-005-DPM

BERTRAM D. KAPLAN, M.D.,
BERTRAM D. KAPLAN, M.D., PLLC,          This case assigned to District Judge Marshall
ANDREW KANIK, M.D.                      and to Magistrate Judge Volpe
CBLPath, INC.,
CBLPath HOLDINGS CORPORATION,
CBLPath TRANSPORT, INC.
JOHN DOES A THROUGH Z                                              DEFENDANTS

## NOTICE OF REMOVAL OF CAUSE FROM STATE COURT
## TO UNITED STATES DISTRICT COURT

TO:   THE UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF ARKANSAS, JONESBORO DIVISION

The Defendants, Bertram D. Kaplan, M.D., Bertram D. Kaplan, M.D., PLLC, Andrew

Kanik, M.D., CBLPath, Inc., CBLPath Holdings Corporation, and CBLPath Transport, Inc., by

and through their undersigned attorneys, hereby give notice to this Court, pursuant to 28 U.S.C.

§§ 1441 and 1446, of the removal of this cause now pending in the Circuit Court of Crittenden

County, Arkansas, and state the following:

1.     The above-styled cause of action was commenced in the Circuit Court of

Crittenden County, Arkansas, and is now pending in that court.  Separate Defendants CBLPath,

Inc., CBLPath Holdings Corporation and CBLPath Transport, Inc. were served with process on

December 19, 2014. Copies of all process, pleadings and orders filed in the state court action,

and a copy of the Notice of Filing Notice of Removal which will be filed in the Circuit Court of

Crittenden County, Arkansas, are attached hereto.

2.     At the time of commencement of this action in state court, Plaintiff Stephen E.

Hollis was (and at the present time is) a domiciliary of Arkansas and is therefore a citizen of

Arkansas.

3.      At the time of commencement of this action in state court, Plaintiff Christy Hollis was (and at the present time is) a domiciliary of Arkansas and is therefore a citizen of Arkansas.

4.      At the time of commencement of this action in state court, Separate Defendant Bertram D. Kaplan ("Kaplan") was (and at the present time is) a domiciliary of Tennessee and is therefore a citizen of Tennessee.

5.      At the time of commencement of this action in state court, Separate Defendant Bertram D. Kaplan, M.D., PLLC ("Kaplan PLLC") was (and at the present time is) a professional limited liability company.  At the time of commencement of this action in state court, Kaplan was (and at the present time is) the sole member of Separate Defendant Kaplan PLLC.  As a result, Kaplan PLLC is a citizen of Tennessee.

6.      At the time of commencement of this action in state court, Separate Defendant Andrew Kanik, M.D. ("Kanik") was (and at the present time is) a domiciliary of New York and is therefore a citizen of New York.

7.      At the time of commencement of this action in state court, Separate Defendant CBLPath, Inc. was (and at the present time is) a corporation organized and existing under the laws of New York, with its principal place of business in New York.  As a result, CBLPath, Inc. is a citizen of New York.

8.      At the time of commencement of this action in state court, Separate Defendant CBLPath Holdings Corporation was (and at the present time is) a corporation organized and existing under the laws of Delaware, with its principal place of business in New York.  As a result, CBLPath Holdings Corporation is a citizen of Delaware and New York.

9.      At the time of commencement of this action in state court, Separate Defendant

2

CBLPath Transport, Inc. was (and at the present time is) a corporation organized and existing under the laws of Delaware. Separate Defendant Transport, Inc. is a dormant corporation with no principal place of business. As a result, CBLPath Transport, Inc. is a citizen of Delaware.

10.    Defendants John Does and Jane Does A through Z are unknown individuals whose citizenship may be disregarded for purses of diversity jurisdiction. 28 U.S.C. § 1441(a).

11.    As alleged by Plaintiffs in their prayer for relief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.    This action is properly removed pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship, 28 U.S.C. § 1332.

13.    A Notice of Filing Notice of Removal and a copy of this Notice of Removal are being filed in the Circuit Court of Crittenden County, Arkansas.

14.    Removal is effected without waiver of any defenses or challenges to personal jurisdiction and venue.

Dated: January **9** , 2015.

Respectfully submitted,

FUQUA CAMPBELL, P.A.
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72201
(501) 374-0200 - Telephone
(501) 975-7153 - Facsimile

By: _____

Phil Campbell, Ark. Bar No. 81028
Eric R. Gribble, Ark. Bar No. 2002192

ATTORNEYS FOR SEPARATE DEFENDANTS CBLPATH, INC., CBLPATH HOLDINGS CORPORATION AND CBLPATH TRANSPORT, INC.

3

LEWIS THOMASON
29th Floor
One Commerce Square
40 South Main Street
Memphis, Tennessee 38103
(901) 525-8721

By: _____

Claire M. Cissell (Ark. Bar No. 98233)

ATTORNEYS FOR SEPARATE DEFENDANTS
BERTRAM D. KAPLAN, M.D. AND BERTRAM
D. KAPLAN, M.D., PLLC

WOMACK, PHELPS & McNEILL
Century Center
301 West Washington
P.O. Box 3077
Jonesboro, AR 72403
(870) 932-0900

By: _____

Paul McNeill (Ark. Bar No. 79206)

ATTORNEYS FOR SEPARATE DEFENDANT
ANDREW KANIK, M.D.

4

## CERTIFICATE OF SERVICE

I, Phil Campbell, do hereby certify that a true and correct copy of the foregoing document was sent to the following individuals, this _____ day of January, 2015, via U.S. Mail:

Bobby F. Martin, Jr.
MORGAN & MORGAN-MEMPHIS, LLC
One Commerce Square, Ste. 2600
Memphis, TN 38103

Paul Ford
THE FORD LAW FIRM
P.O. Box 1582
404 S. Main St.
Jonesboro, AR 72403



Phil Campbell

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
SECOND JUDICIAL DISTRICT
CIVIL DIVISION

STEPHEN E. HOLLIS and his wife,
CHRISTY HOLLIS,

      Plaintiffs,

v.

BERTRAM D. KAPLAN, M.D.,
BERTRAM D. KAPLAN, M.D., PLLC,
ANDREW KANIK, M.D.,
CBLPath, INC.,
CBLPath HOLDINGS CORPORATION,
CBLPath TRANSPORT, INC.,
JOHN DOES A through Z,

      Defendants.

No. CV 2014-395

Jury Demanded

## COMPLAINT FOR MEDICAL NEGLIGENCE

The plaintiffs, Stephen E. Hollis and his wife, Christy Hollis (collectively referred to as

the "Plaintiffs"), by and through their attorneys, state as follows for their cause of action against

the defendants, Bertram D. Kaplan, M.D., Bertram D. Kaplan, M.D., PLLC, Andrew Kanik,

M.D., CBLPath, Inc., CBLPath Holdings Corporation, CBLPath Transport, Inc., and John Does

A through Z (collectively referred to as the "Defendants"):

### PARTIES AND VENUE

1.   Stephen E. Hollis and Christy Hollis are adult residents of Marion, Arkansas.

2.   Stephen E. Hollis and Christy Hollis are husband and wife, and have been so at all

      times relevant hereto.

3.   Upon information and belief, Bertram D. Kaplan, M.D. ("Kaplan") was a medical

doctor residing and practicing in West Memphis, Crittenden County, Arkansas at all times relevant hereto.

4.    Defendant Kaplan provided professional services to Stephen E. Hollis at his regular place of business, 200 South Rhodes Street, West Memphis, Arkansas, as described in greater detail below.

5.    Upon information and belief, Defendant Kaplan was employed by Bertram D. Kaplan, M.D., PLLC, and acting within the course and scope of that employment with when he provided professional medical services to Stephen E. Hollis.

6.    Bertram D. Kaplan, M.D., PLLC ("BDK") was a Limited Liability Company domiciled in West Memphis, Arkansas at all times relevant hereto.

7.    Defendant BDK provided professional medical services to Stephen E. Hollis as described in greater detail below.

8.    Defendant BDK may be served through its agent for service of process, Bertram D. Kaplan, 200 South Rhodes Street, West Memphis, Arkansas.

9.    Upon information and belief, Andrew B. Kanik, M.D. ("Kanik") was a medical doctor residing and practicing in Rye Brook, New York at all times relevant hereto.

10.   Defendant Kanik provided professional services to Stephen E. Hollis in West Memphis, Crittenden County, Arkansas as described in greater detail below.

11.   Upon information and belief, Defendant Kanik was employed by CBLPath, Inc. and acting within the course and scope of that employment when he provided professional medical services to Stephen E. Hollis.

12.   Defendant CBLPath, Inc. ("CBL"), was a Corporation domiciled in Westchester, New York, and doing business in West Memphis, Arkansas at all times relevant hereto.

13. Upon information and belief, Defendant CBL provided professional medical services to Stephen E. Hollis through its employees including, but not limited to, its staff and Defendant Kanik.

14. Defendant CBL may be served through its agent for service of process, Corporation Service Company, 80 State Street, Albany, New York.

15. Alternatively, Defendant Kanik was employed by CBLPath Holdings Corporation ("CBL Holdings") and acting within the course and scope of that employment when he provided professional medical services to Stephen E. Hollis.

16. Defendant CBLPath Holdings was a Corporation domiciled in Westchester, Delaware, and doing business in West Memphis, Arkansas at all times relevant hereto.

17. Alternatively, Defendant CBL Holdings provided professional medical services to Stephen E. Hollis through its employees including, but not limited to, its staff and Defendant Kanik.

18. Defendant CBL Holdings may be served through its agent for service of process, Corporation Service Company, 80 State Street, Albany, New York.

19. Alternatively, Defendant Kanik was employed by CBLPath Transport, Inc. ("CBL Transport") and acting within the course and scope of that employment when he provided professional medical services to Stephen E. Hollis.

20. Defendant CBLPath Transport was a Corporation domiciled in Westchester, Delaware, and doing business in West Memphis, Arkansas at all times relevant hereto.

21. Alternatively, Defendant CBL Transport provided professional medical services to Stephen E. Hollis through its employees including, but not limited to, its staff and Defendant Kanik.

22. Defendant CBL Transport may be served through its agent for service of process, Corporation Service Company, 80 State Street, Albany, New York.

23. Stephen E. Hollis was treated by other tortfeasors whose identities are unknown at this time. The Plaintiffs have designated the unknown tortfeasors with the pseudo-names John Does A through Z. These tortfeasors are individuals or entities presently unknown and whose tortious or unlawful behavior proximately caused or contributed to the injuries and damages sustained by the Plaintiffs as more fully set forth below.

24. This cause of action arises in tort and as a result of injuries and damages proximately caused by the negligence of the Defendants in Crittenden County, Arkansas.

25. This Court is a proper venue for litigation of all issues in controversy pursuant to Ark. Code Ann. § 16-55-213 in that this complaint is based on medical negligence as set forth below in greater detail.

26. Upon information and belief, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport marketed their services to various healthcare providers in Arkansas including, but not limited to, Defendants Kaplan and BDK.

27. Upon information and belief, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport had an ongoing contractual relationship with Defendants Kaplan and BDK whereby Defendants Kanik, CBL, CBL Holdings and/or CBL Transport agreed to provide professional pathology services to patients of Defendants Kaplan and BDK.

28. Upon information and belief, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport regularly transact business in Arkansas pursuant to the terms of their contract with Defendants Kaplan and BDK and other healthcare providers in the State.

29. At all times relevant hereto, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport had substantial and sufficient contact with Arkansas such that maintenance of this action does not offend "traditional notions of fair play and substantial justice."

30. This Court has jurisdiction over the parties and subject matter involved pursuant to Ark. Code Ann. § 16-4-101 in that the incidents and injuries pleaded herein occurred in West Memphis, Crittenden County, Arkansas.

FACTUAL BACKGROUND

31. On November 27, 2012, Defendant Kaplan took a sample of tissue from the Patient's left lower nose.

32. The tissue sample was given to Defendant Kanik for pathological examination.

33. Defendant Kanik's electronically signed his Dermatopathology Report on November 30, 2012, providing the diagnosis of "Basal Cell Carcinoma, Nodular Type."

34. Defendant Kaplan chose not to refer the Patient for Mohs micrographic surgery.

35. Instead, Defendant Kaplan performed a curettage and electrodessication on December 4, 2012 based, in part, on the diagnosis provided by Defendant Kanik.

36. Defendant Kaplan did not obtain informed consent before performing the surgery.

37. The Patient followed up with Defendant Kaplan on August 5, 2014, at which time Defendant Kaplan noted "[e]rythema on lower nose on left."

38. Defendant Kaplan's note indicates "[w]ill watch treated site on lower nose. If involved site continues to crust or scab over, he will return for biopsy."

39. The Patient followed up with Defendant Kaplan on October 31, 2013, for a "[k]eratotic crusted lesion, lower nose on left."

40. Defendant Kaplan obtained another tissue biopsy, which was sent to Defendant Kanik for pathological evaluation and interpretation.

41. Defendant Kanik signed Dermatopathology Report on November 5, 2013, giving a diagnosis of "Basal Cell Carcinoma, Nodular Type."

42. The Patient returned to Defendant Kaplan on November 7, 2013, at which time Defendant Kaplan "[s]uggested wider excision by a general surgeon."

43. The Patient sought treatment from Dr. Malika Tuli.

44. After obtaining informed consent, Dr. Malika Tuli performed Mohs micrographic surgery to remove "a longstanding basal cell carcinoma of the left ala" on January 9, 2014, at the Mid-South Dermatology and Skin Cancer Center.

45. Dr. Malika Tuli diagnosed "infiltrating basal cell carcinoma."

46. Dr. Malika Tuli was required to remove a large portion of the Patient's nose, resulting in permanent disfigurement.

47. The Patient has incurred, and will continue to incur, expenses for medical care as a result of the Defendants' negligence.

48. The Patient has endured pain, suffering and mental anguish (past and future) as a proximate result of the Defendants' negligence.

49. The Patient has suffered permanent scaring, disfigurement and visible results of his injuries resulting from the Defendants' negligence.

50. Christy Hollis had endured the loss of services, society, companionship and marriage relationship as a proximate cause of the Defendants' negligence.

COUNT I – NEGLIGENCE

51. At all times relevant hereto, the Defendants owed a duty to the Plaintiffs to provide professional services in accordance with the recognized standard of care.

52. Defendant Kaplan, individually and/or vicariously, by or through his agents, servants and employees, is guilty of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiffs' harms and losses:

   a. Negligently and carelessly failing to exercise that degree of care and skill required of a reasonable and prudent healthcare practitioners under the same or similar circumstances in cities such as West Memphis, Crittenden County, Arkansas;

   b. Negligently and carelessly deviating from the recognized standard of acceptable professional practice required and expected of Defendants under the circumstances that existed at all times relevant hereto;

   c. Negligently and carelessly misdiagnosing the Patient's infiltrating basal cell carcinoma on or about December 4, 2012;

   d. Negligently and carelessly failing to perform Mohs micrographic surgery on December 4, 2012;

   e. Negligently and carelessly failing to obtain informed consent from the Patient before performing surgery on December 4, 2012;

   f. Negligently and carelessly failing to assess, evaluate, diagnose and/or treat the Patient's condition in a timely manner after December 4, 2012; and

   g. Negligently and carelessly failing to possess and use the that degree of care and skill required of a reasonable and prudent healthcare practitioners under the same or similar circumstances in cities such as West Memphis, Crittenden County, Arkansas; and

   h. As otherwise shown through discovery.

53. Defendant BDK is vicariously liable for any negligence on the part of its employees including, but not limited to, its nursing/office staff and Defendant Kaplan.

54. Defendant Kanik, individually and/or vicariously, by or through his agents, servants and employees, is guilty of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiffs' harms and losses:

   a. Negligently and carelessly deviating from the recognized standard of acceptable professional practice required and expected of Defendants under the circumstances that existed at all times relevant hereto;

   b. Negligently and carelessly misdiagnosing the Patient's infiltrating basal cell carcinoma on or about November 30, 2012;

   c. Negligently and carelessly failing to possess and use the that degree of care and skill required of a reasonable and prudent healthcare practitioners under the same or similar circumstances; and

   d. As otherwise shown through discovery.

55. Defendant CBL is vicariously liable for the negligence of its agents and employees including, but not limited to, its staff and Defendant Kanik.

56. Alternatively, Defendant CBL Holdings is vicariously liable for the negligence of its agents and employees including, but not limited to, its staff and Defendant Kanik.

57. Alternatively, Defendant CBL Transport is vicariously liable for the negligence of its agents and employees including, but not limited to, its staff and Defendant Kanik.

58. Plaintiffs suffered injuries which would not have otherwise occurred as a proximate result of the negligent acts and omissions of Defendants.

59. The Plaintiffs have sustained harms, losses and damages as a direct and proximate result of the Defendants' negligence.

60. The Patient is entitled to recover for the reasonable expense for all medical care, treatment and services necessitated by the Defendants negligence (past and future); pain, suffering and mental anguish (past and future) caused by the Defendants' negligence; scars,

disfigurement and visible results of his injuries resulting from the Defendants' negligence; and other damages allowed by law.

61. Christy Hollis is entitled to compensation for the loss of services, society, companionship and marriage relationship proximately caused by the Defendants' negligence.

62. Plaintiffs demand a jury trial.

WHEREFORE, the plaintiffs, Stephen E. Hollis and Christy Hollis, sue the Defendants herein for the following:

1. Compensatory damages in an amount to be determined by the jury in an amount in excess of that necessary to establish federal court diversity jurisdiction;

2. Costs herein; and

3. For all such other and further relief, general and specific, legal and equitable, to which the Plaintiffs are entitled.

Respectfully submitted,

Bobby F. Martin, Jr. (Ar. Bar No. 2008111)
**MORGAN & MORGAN – MEMPHIS, LLC**
One Commerce Square Suite 2600
Memphis, Tennessee 38103
(901) 217-7000 – Telephone
(901) 333-1897 – Facsimile

Paul Ford (Ar. Bar No. 87060)
**THE FORD LAW FIRM**
P.O. Box 1582
404 S. Main Street
Jonesboro, Arkansas 72403
(870) 935-5400

Page 9 of 9

THE CIRCUIT COURT OF Crittenden COUNTY, ARKANSAS

Civil DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis

Plaintiff

v.                                          No. CV 2014-395

Bertram D. Kaplan, MD, et al

Defendant

SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

Bertram D. Kaplan, MD        [Defendant's name and address.]

200 South Rhodes Street, West Memphis, AR 72301

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

100 Court Street

Marion, AR 72364

Sarah Traush

[Signature of Clerk or Deputy Clerk]

Date: Nov. 17, 2014

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                  By: _____
                                  [Signature of server]

                                  _____
                                  [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                    [Signature of server]

                                  _____
                                  [Printed name]

Address: _____

         _____

Phone: _____

Subscribed and sworn to before me this date: _____

                                  _____
                                  Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Crittenden** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis

Plaintiff

v.                                                             No. CV2014-395

Bertram D. Kaplan, MD, et al

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Bertram D. Kaplan, MD, PLLC by & through its Reg. Agent,

[Defendant's name and address.]

Bertram D. Kaplan, 200 S Rhodes St, W. Memphis, AR 72301

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**100 Court Street**

**Marion, AR 72364**

Terri Hawkins, Clerk

[Signature of Clerk or Deputy Clerk]

Date: November 14, 2014

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public


My commission expires: _____


Additional information regarding service or attempted service:


_____

_____

THE CIRCUIT COURT OF **Crittenden** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis
_____

Plaintiff

v.                                    No. CV2014-395

Bertram D. Kaplan, MD, et al
_____

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Andrew Kanik, MD**     [Defendant's name and address.]
_____

760 Westchester Ave, Rye Brook, NY 10573
_____

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**100 Court Street**
_____

**Marion, AR 72364**
_____

Terry Hawkins - Clerk

[Signature of Clerk or Deputy Clerk]

Date: November 14, 2014

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]

                               _____
                               [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Crittenden** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis

Plaintiff

v.                                              No. $CV2014-395$

Bertram D. Kaplan, MD, et al

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

CBLPath, Inc. by & through its Reg. Agent,

[Defendant's name and address.]

Corporation Service Company, 80 State St, Albany, NY 12207

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**100 Court Street**

**Marion, AR 72364**

[Signature of Clerk or Deputy Clerk]

Date: _Nov 14, 2014_

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]

                               _____
                               [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Crittenden** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis
_____

Plaintiff

v.

No. CV 2014-395

Bertram D. Kaplan, MD, et al
_____

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

CBLPath Holdings Corporation by & through its Reg. Agent,
_____        [Defendant's name and address.]

Corporation Service Company, 80 State St, Albany, NY 12207
_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103
_____

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**100 Court Street**
_____

**Marion, AR 72364**
_____

[Signature of Clerk or Deputy Clerk]

Date: May 14, 2014

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                  By: _____
                                  [Signature of server]

                                  _____
                                  [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                                [Signature of server]

                                _____
                                [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                                _____
                                Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Crittenden** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis

Plaintiff

v.                                    No. CV2014-395

Bertram D. Kaplan, MD, et al

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

CBLPath Transport, Inc. by & through its Reg. Agent,

[Defendant's name and address.]

Corporation Service Company, 80 State St, Albany, NY 12207

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**100 Court Street**

**Marion, AR 72364**

Terry Hawkins - Clerk

[Signature of Clerk or Deputy Clerk] D.C.

Date: November 14, 2014

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]


                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____           By: _____
                               [Signature of server]


                               _____
                               [Printed name]

Address: _____


         _____

Phone: _____

Subscribed and sworn to before me this date: _____


                               _____
                               Notary Public


My commission expires: _____


Additional information regarding service or attempted service:


_____


_____

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
SECOND JUDICIAL DISTRICT
CIVIL DIVISION

**STEPHEN E. HOLLIS and his wife,**
**CHRISTY HOLLIS,**

     **Plaintiffs,**

v.

No. CV2014-395

**BERTRAM D. KAPLAN, MD,**
**BERTRAM D. KAPLAN, MD, PLLC,**
**ANDREW KANIK, MD,**
**CBLPath, INC.,**
**CBLPath HOLDINGS CORPORATION,**
**CBLPath TRANSPORT, INC.,**
**JOHN DOES A through Z,**

**Jury Demanded**

     **Defendants.**

---

### AFFIDAVIT OF BOBBY F. MARTIN, JR.

---

STATE OF TENNESSEE    )
COUNTY OF SHELBY     )

    BEFORE ME, the undersigned authority, personally appeared Bobby F. Martin, Jr., who, upon first being duly sworn, deposes and states as follows:

    1.    I represent the Plaintiffs in the above-entitled matter as their Attorney at Law.

    2.    I have caused to be filed the complaint in the above-entitled matter in the appropriate court of the State.

    3.    At this time, the names and the number of certain tortfeasors contemplated in this action are unknown.

    4.    For the purpose of tolling the statute of limitations, pursuant to Ark. Code Ann. § 16-56-125, I have designated the unknown tortfeasors with the pseudo-name John Doe A-Z.

5.    Upon determining the identity of the unknown tortfeasor(s) the pseudo-named John Does will be replaced with the real name of the defendant in the complaint of the above-entitled matter.

FURTHER THE AFFIANT SAYTH NOT.

Bobby F. Martin, Jr. (AR Bar No. 2008111)
**MORGAN & MORGAN – MEMPHIS, LLC**
One Commerce Square, Suite 2600
Memphis, Tennessee 38103
(901) 217-7000 – Telephone
(901) 333-1897 – Facsimile

SWORN TO AND SUBSCRIBED before me this the _13th_ day of November, 2014.

NOTARY PUBLIC

Multiple claims. If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
## STATE OF ARKANSAS
### CIRCUIT COURT: CIVIL

 To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION**

County: Crittenden    District: Second Judicial    Docket Number: CV 2014-395

Judge: Honeycutt    Division: Civil    Filing Date:

Plaintiff: Stephen E. Hollis and his wife Christy Hollis    Defendant: Bertram D. Kaplan, MD, et al

Attorney Providing Information: Bobby F. Martin, Jr.    One Commerce Square, Suite 2000

X Plaintiff    □ Defendant    □ Intervenor    Address

Litigant, if Pro Se: _____    Memphis, TN 38103

Related Case(s): Judge_____    Address / Case Number(s) _____

**Type of Case:**

Torts
- □ (NM) Negligence: Motor Vehicle
- □ (NO) Negligence: Other
- □ (BF) Bad Faith
- □ (FR) Fraud
- X (MP) Malpractice
- □ (PL) Product Liability
- □ (OD) Other _____

Contracts
- □ (IS) Insurance
- □ (DO) Debt: Open Account
- □ (PN) Debt: Promissory Note
- □ (EM) Employment
- □ (OC) Other _____

Equity
- □ (FC) Foreclosure
- □ (QT) Quiet Title
- □ (IJ) Injunction
- □ (PT) Partition
- □ (OT) Other _____

Miscellaneous
- □ (CD) Condemnation
- □ (RE) Replevin
- □ (DJ) Declaratory Judgment
- □ (UD) Unlawful Detainer
- □ (IN) Incorporation
- □ (EL) Election
- □ (FJ) Foreign Judgment
- □ (WT) Writs_____
- □ (AA) Administrative Appeal
- □ (CF) Property Forfeiture
- □ (RD) Remove Disabilities
- □ (NC) Name Change
- □ (OM) Other _____

Jury Trial Requested: X Yes □ No    Manner of Filing: X Original □ Re-open □ Transfer   □ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: _____    □ Bench Trial    □ Non-Trial    □ Jury Trial

Judgment Type:
- □ (DJ) Default Judgment
- □ (SJ) Summary Judgment
- □ (CJ) Consent Judgment
- □ (TJ) Trial Judgment
- □ (OJ) Other Judgment
- □ (PG) Petition Granted
- □ (PD) Petition Denied
- □ (DF) Decree of Foreclosure

Dismissal Type:
- □ (DW) Dismissed with Prejudice
- □ (DN) Dismissed without Prejudice

Other:
- □ (TR) Transferred to Another Jurisdiction
- □ (RB) Removed to Bankruptcy Court
- □ (RF) Removed to Federal Court
- □ (AR) Arbitration

Judgment For:
□ Plaintiff   □ Defendant   □ Both    Judgment Amount: $ _____

Clerk's Signature _____    Date _____

AOC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

**Effective 1-1-2002**

OFFICE OF
TERRY HAWKINS
CIRCUIT COURT CLERK AND RECORDER



**CRITTENDEN COUNTY**
100 COURT STREET
MARION, ARKANSAS 72364
870-739-3248
Fax 870-739-3287

DATE: *Nov 14, 2014*

PLEASE NOTE JUDGE ASSIGNMENT FOR YOUR FILE. WE CANNOT LOOK UP THIS INFORMATION OVER THE PHONE FOR THE PLAINTIFF ATTORNEY AS IT IS FURNISHED AT THE TIME THE CASE IS FILED.

CASE STYLE: *CV 2014-395 Stephen Hollis & Christy Hollis V. Bertram D Kaplan M.D., et al*

Dear Madam:

The above case has been assigned to Judge *Pamela Honeycutt*. Please feel free to call the Case Coordinator if you should have any questions in regards to the settings of this case.

April Rasdon
P. O. Box 1951
Jonesboro, AR 72403
Ph: 870-933-7713
Fax: 870:933-7713

Sincerely,

Terry Hawkins, Clerk

# AFFIDAVIT OF SERVICE

STATE OF TENNESSEE
COUNTY OF SHELBY

I, DANIEL ALBROOK, AGENT, FIRST BEING DULY SWORN STATE THE FOLLOWING:
I AM OVER THE AGE OF EIGHTEEN (18) & I AM NOT A PARTY IN THIS LAWSUIT.
I HAVE PERSONALLY SERVED THE FOLLOWING:

**TYPE OF DOCUMENT(S) SERVED:**   CIVIL WARRANT   COMPLAINT   DETAINER WARRANT

GARNISHMENT       INJUNCTION       NOTICE       PETITION       SCIRE FACIAS

SUBPOENA       (SUMMONS)       OTHER_____

PERSON OR COMPANY SERVED   BERTRAM   D.   KAPLAN

DATE SERVED   11/19/14

TIME SERVED   11/19/14   @   12:30 PM

ADDRESS OF SERVICE   6401   POPLAR   AVE   MEMPHIS   TN

DOCKET #   CV 2014-395

**COURT:**   CHANCERY       CIRCUIT       GENERAL SESSIONS       JUVENILE       PROBATE

OTHER   CIVIL   PROBATE   ECT

AGENT SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME ON   11-21-2014

MY COMISSION EXPIRES ON   MARCH 1, 2016

NOTARY PUBLIC

TRACK & TRACE LEGAL SERVICES
PO Box 3072
100 North Peabody Pl.
Memphis, TN 38173
Fax (901)385-1850

THE CIRCUIT COURT OF <u>Crittenden</u> COUNTY, ARKANSAS

<u>Civil</u> DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis

_____
Plaintiff

v.                                              No. <u>CV2014- 395</u>

Bertram D. Kaplan, MD, et al

_____
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Bertram D. Kaplan, MD**
_____   [Defendant's name and address.]

200 South Rhodes Street, West Memphis, AR 72301
_____

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**100 Court Street**
_____

**Marion, AR 72364**
_____

*Sarah* [Signature]
[Signature of Clerk or Deputy Clerk]

Date: *Nov 14, 2014*

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                By: _____
                                [Signature of server]

                                _____
                                [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 11/19/14                  By: _Dl CAus_
                                [Signature of server]

                                _Daniel C. Alsbrook_
                                [Printed name]

Address: _P.O. Box 3072 100 N._

_Peabody Pl. Memphis TN 38173_

Phone: _901-674-4135_

Subscribed and sworn to before me this date: _11-19-14_

_Gregory M. Johnson_
Notary Public

My commission expires: _MARCH 1, 2016_

Additional information regarding service or attempted service:

_Served at 6401 Poplar Ave. Memphis TN at Kaplan ; Kaplan_
_Dermatology at 12:30PM_

√

# **AFFIDAVIT OF SERVICE**

STATE OF TENNESSEE
COUNTY OF SHELBY

I, DANIEL HISBROOT, AGENT, FIRST BEING DULY SWORN STATE THE FOLLOWING:
I AM OVER THE AGE OF EIGHTEEN (18) & I AM NOT A PARTY IN THIS LAWSUIT.
I HAVE PERSONALLY SERVED THE FOLLOWING:

**TYPE OF DOCUMENT(S) SERVED:**   CIVIL WARRANT     COMPLAINT     DETAINER WARRANT

GARNISHMENT     INJUNCTION     NOTICE     PETITION     SCIRE FACIAS

SUBPOENA     SUMMONS     OTHER_____

PERSON OR COMPANY SERVED   BERTRAM   D.   KAPLAN

DATE SERVED   11/19/14

TIME SERVED   @ 12:30 p.m

ADDRESS OF SERVICE   6401   poplar   Ave   Memphis, TN

DOCKET #   CY-2014-395

**COURT:**   CHANCERY     CIRCUIT     GENERAL SESSIONS     JUVENILE     PROBATE

OTHER_____

AGENT SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME ON   11-21-2014

MY COMISSION EXPIRES ON   May 1, 2016

NOTARY PUBLIC

TRACK & TRACE LEGAL SERVICES
PO Box 3072
100 North Peabody Pl.
Memphis, TN 38173
Fax (901)385-1850

GREGORY M. JOHNSON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
COMM. EXP. MARCH

THE CIRCUIT COURT OF __Crittenden__ COUNTY, ARKANSAS

__Civil__ DIVISION [Civil, Probate, etc.]

Stephen Hollis and his wife, Christy Hollis

_____
Plaintiff

v.                                        No. CN2014-395

Bertram D. Kaplan, MD, et al

_____
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Bertram D. Kaplan, MD, PLLC by & through its Reg. Agent,
_____        [Defendant's name and address.]

Bertram D. Kaplan, 200 S Rhodes St, W. Memphis, AR 72301
_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Bobby F. Martin, Jr., One Commerce Square, Suite 2600, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**100 Court Street**

**Marion, AR 72364**

Terry Hawkins - Clerk

_____ D.C.
[Signature of Clerk or Deputy Clerk]

Date: December 14, 2014

[SEAL]

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _11-19-14_     By: _Dal C Aws_
[Signature of server]

_Daniel C. Alsbrook_
[Printed name]

Address: _P.O Box 3072 100 N._

_Peabody Pl Memphis TN 38173_

Phone: _901.674.4135_     11-19-14

Subscribed and sworn to before me this date: _11-19-14_

_Gregory M Johnson_
Notary Public

My commission expires: _March 1, 2016_

Additional information regarding service or attempted service:

_SERVED @ 6401 Poplar Ave Memphis TN @ Kaplan &_

_Kaplan @ 12:30 P.M_

# MORGAN & MORGAN®

## Attorneys At Law

FILED

2014 NOV 26   AM 11: 43

TERRY HAWKINS
CIRCUIT COURT CLERK
CRITTENDEN COUNTY, AR

SUITE 2600
ONE COMMERCE SQUARE
MEMPHIS, TN 38103
(901) 217-7000
FAX: (901) 333-1897

November 24, 2014

|||||||| |||||| ||| |||| |||| |||| ||| |||| ||| |||
* A R 2 1 1 1 7 1 0 *

Crittenden County Circuit Court Clerk
100 Court Street
Marion, AR 72364

> RE:  *Hollis v. Bertram, et al*
>      Case No.: CV2014-395

Dear Sir or Madam:

Enclosed for filing, please find the following documents:

1. Affidavit of Service as to the Summons for Bertram D. Kaplan, MD; and
2. Affidavit of Service as to the Summons for Bertram D. Kaplan, MD, PLLC.

Please return the filed stamped copies to our office in the envelope provided.

Thank you for your assistance in this matter. Please do not hesitate to contact me directly with any questions at (901) 333-1860.

Sincerely,

**MORGAN & MORGAN – MEMPHIS, LLC**

Liane K. Williams
*Litigation Paralegal for W. Bryan Smith, Esquire*

Enclosures

Mailed to
copies
atty
11-26-14

ATLANTA, GA  ◆  COLUMBUS, GA  ◆  DAYTONA BEACH, FL  ◆  FT. MYERS, FL  ◆  JACKSON, MS  ◆  JACKSONVILLE, FL  ◆  KISSIMMEE, FL  ◆  LAKELAND, FL
LEXINGTON, KY  ◆  MANHATTAN, NY  ◆  MEMPHIS, TN  ◆  NAPLES, FL  ◆  ORLANDO, FL  ◆  PLANTATION, FL  ◆  ST. PETERSBURG, FL
SARASOTA, FL  ◆  SAVANNAH, GA  ◆  TALLAHASSEE, FL  ◆  TAMPA, FL  ◆  TAVARES, FL  ◆  THE VILLAGES, FL  ◆  WINTER HAVEN, FL

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
SECOND JUDICIAL DISTRICT
CIVIL DIVISION

| | | |
|---|---|---|
| STEPHEN E. HOLLIS and his wife,<br>CHRISTY HOLLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. CV2014-395 |
| | ) | |
| BERTRAM D. KAPLAN, M.D.,<br>BERTRAM D. KAPLAN, M.D., PLLC,<br>ANDREW KANIK, M.D.,<br>CBLPath, INC.,<br>CBLPath HOLDINGS CORPORATION,<br>CBLPath TRANSPORT, INC.<br>JOHN DOES A through Z, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF BERTRAM D. KAPLAN, M.D., AND
BERTRAM D. KAPLAN, M.D., PLLC AND
MOTION FOR MORE DEFINITE STATEMENT,
MOTION TO STRIKE, AND MOTION TO DISMISS

COMES NOW the Defendants, Bertram D. Kaplan, M.D. (individually, "Dr.
Kaplan"), And Bertram D. Kaplan, M.D., PLLC (collectively, "Kaplan Defendants"), by
and through their undersigned counsel, pursuant to Arkansas Rules of Civil Procedure 8
and 12, and any other applicable law or rule, and file this Answer in response to the
Complaint filed herein against them by Plaintiffs, Stephen E. Hollis (individually, "Mr.
Hollis") and his wife, Christy Hollis (collectively, the "Plaintiffs") on November 14,
2014. The Kaplan Defendants respond to the averments in Plaintiffs' Complaint without
waiving and expressly reserving any and all rights they may have to amend this pleading

to add or amend any defenses or affirmative defenses that may become known or apparent through discovery, investigation, or in preparation for trial.

## MOTION TO STRIKE OR DIMISS

Before responding to Plaintiffs' pleading, the Kaplan Defendants make the following Motions:

The Kaplan Defendants move to strike from Plaintiffs' pleading immaterial and impertinent matters as to Bertram D. Kaplan, M.D., PLLC.    Further, the Kaplan Defendants move to dismiss the Complaint in its entirety as to Bertram D. Kaplan, M.D., PLLC as it fails to state a claim upon which relief may be granted as to that Defendant. Dr. Kaplan was not acting within the course or scope of any employment with Bertram D. Kaplan, M.D., PLLC, at any time when he provided care and treatment to Mr. Hollis.

## RESPONSES TO AVERMENTS

The Kaplan Defendants generally deny all of the averments in the Complaint except such designated paragraphs in the Complaint as the Kaplan Defendants expressly admit to below or, as indicated, are without knowledge or information sufficient to form a belief as to the truth of an averment.

1.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint.

2.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint.

2

3.     Denied as stated.  Admitted that Dr. Kaplan was a medical doctor who practiced, at times, in West Memphis, Crittenden County, Arkansas, including the times when he provided care and treatment to Mr. Hollis.

4.     Admitted that Dr. Kaplan provided medical care and treatment to Mr. Hollis at one of his offices located at 200 South Rhodes Street, West Memphis, Arkansas.

5.     Denied as stated.

6.     Denied as stated.

7.     Denied as stated.

8.     Admitted that Dr. Kaplan is the agent for service of process of Bertram D. Kaplan, M.D., PLLC at the address indicated in paragraph 8 of Plaintiffs' Complaint.  It is specifically denied that Dr. Kaplan was acting within the course and scope of his employment with Bertram D. Kaplan, M.D., PLLC when he provided medical care and treatment to Mr. Hollis.

9.     Admitted, upon information and belief, that Andrew B. Kanik, M.D. ("Dr. Kanik") was a medical doctor practicing in or around Rye Brook, New York when he interpreted Mr. Hollis' dermatopathology specimen in November of 2012.

10.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint.

11.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of the Complaint.

3

12.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of the Complaint.

13.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint.

14.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint.

15.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint.

16.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint.

17.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of the Complaint.

18.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of the Complaint.

19.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint.

20.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint.

21.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint.

22.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint.

23.    Denied as to the Kaplan Defendants.  The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the remaining averment in paragraph 23 of the Complaint

24.    Denied as to the Kaplan Defendants.

25.    Denied that the Kaplan Defendants committed any act or omission that would provide a basis for a medical negligence claim as set forth in the Complaint. Admitted that the venue is proper in this Court.

26.    The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of the Complaint.

27.    Denied as stated.

28.     Denied as stated.

29.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 of the Complaint.

30.     Denied that the Kaplan Defendants committed any act or omission that would provide a basis for a medical negligence claim as set forth in the Complaint. Admitted that the jurisdiction is appropriate in this Court.

31.     Admitted that on November 27, 2012, Dr. Kaplan obtained a biopsy of a nodular crusted lesion from Mr. Hollis' lower nose on left.

32.     Admitted that the biopsy specimen was sent to Dr. Kanik for dermatopathological examination and report.

33.     Admitted upon information and belief.

34.     Denied as stated. Dr. Kaplan saw Mr. Hollis on December 4, 2012. At that time, the dermatopathology report indicated that the lesion on Mr. Hollis' left lower nose was Basal Cell Carcinoma, Nodular Type. The lesion measured 1.2 cm in diameter. Dr. Kaplan determined that the appropriate first line treatment of that lesion was curettage and electrodessication.

35.     Denied as stated. Dr. Kaplan saw Mr. Hollis on December 4, 2012. At that time, the dermatopathology report indicated that the lesion on Mr. Hollis' left lower nose was Basal Cell Carcinoma, Nodular Type. The lesion measured 1.2 cm in diameter. Dr. Kaplan determined that the appropriate first line treatment of that lesion was curettage and electrodessication, which was performed on December 4, 2012.

6

36.     Denied as stated.  Prior to performing the curettage and electrodessication on December 4, 2012, Mr. Hollis consented to the procedure.

37.     Denied as stated.  Following the December 4, 2012 office visit and curettage and electrodessication, Dr. Kaplan saw Mr. Hollis on follow-up on January 10, 2013 and April 4, 2013.  On both of those visits, there was no evidence of recurrence of Basal Cell Carcinoma on Mr. Hollis' lower left nose.  On April 4, 2013, Mr. Hollis was instructed to return to the office in three months for a follow-up on cancer surgery.  Mr. Hollis returned on August 5, 2013.  Mr. Hollis reported "pick[ing]" at scar tissue on his nose, which had scabbed over and was healing.  Dr. Kaplan noted erythema on lower nose on left.

38.     Denied as stated.  The pertinent part of Dr. Kaplan's note on August 5, 2013 reads as follows, "[w]ill watch treated site on lower nose.  If involved site continues to crust or scab over, he will return for biopsy.  Otherwise will be followed up in three months."

39.     Mr. Hollis returned to Dr. Kaplan on October 31, 2013, approximately three months from his August 5, 2013 appointment with Dr. Kaplan.  Dr. Kaplan noted a "keratotic crusted lesion, lower nose on left."

40.     Dr. Kaplan suspected an irritated keratosis, possible malignant change. He obtained a tissue biopsy of the crusted area and sent it to Dr. Kanik for dermatopathological examination and report.

41.     Admitted upon information and belief.

42.     Per Dr. Kaplan's instructions, Mr. Hollis returned to Dr. Kaplan's office on November 7, 2013.  Dr. Kaplan advised Mr. Hollis that the dermatopathological report

7

showed basal cell carcinoma. Dr. Kaplan suggested a wider excision by a general surgeon and provided Mr. Hollis with the names of two surgeons. Mr. Hollis indicated that he would schedule an appointment with those surgeons.

43.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 43 of the Complaint.

44.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint.

45.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of the Complaint.

46.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 46 of the Complaint.

47.     Denied as to the Kaplan Defendants. The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

48.     Denied as to the Kaplan Defendants. The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

8

49.     Denied as to the Kaplan Defendants. The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

50.     Denied as to the Kaplan Defendants. The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

51.     Denied as to Bertram D. Kaplan, M.D., PLLC. Dr. Kaplan admits that he was required to act, and did act, with ordinary and reasonable care in all of his care and treatment of Mr. Hollis in accordance with the recognized standard of acceptable professional practice in the medical profession and in the specialty of dermatology in the West Memphis, Crittenden County, Arkansas community as it existed on December 4, 2012 or at any time when Dr. Kaplan was caring for Mr. Hollis.

52.     Denied. It is specifically denied that the Kaplan Defendants fell below the recognized standard of acceptable professional practice in the medical profession in the specialty of dermatology in the West Memphis, Crittenden County, Arkansas community on December 4, 2012, or at any time when Dr. Kaplan was caring for Mr. Hollis.

53.     Denied.

54.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 54 of the Complaint.

55.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 55 of the Complaint.

9

56.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 56 of the Complaint.

57.     The Kaplan Defendants are without personal knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 57 of the Complaint.

58.     Denied as to the Kaplan Defendants.  The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

59.     Denied as to the Kaplan Defendants.  The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

60.     Denied as to the Kaplan Defendants.  The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

61.     Denied as to the Kaplan Defendants.  The Kaplan Defendants specifically deny that Mr. Hollis sustained any injury or damage as the result of any act or omission on the part of the Kaplan Defendants.

62.     The Kaplan Defendants join in Plaintiffs' demand for a jury trial.

### RESPONSE TO DEMAND FOR RELEIF

The Kaplan Defendants deny that Plaintiffs are entitled to any relief demanded in the Complaint.

10

## AFFIRMATIVE DEFENSES

The Kaplan Defendants, in pleading to the preceding Complaint, set forth affirmatively below facts in short and plain terms relied upon to constitute the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### AND MOTION TO DISMISS

The Kaplan Defendants state that the allegations contained in Plaintiffs' Complaint fail to state a cause of action pursuant to Arkansas Rule of Civil Procedure 12(b), and these Defendants move to dismiss the Complaint against them. In the event that the allegations in the Complaint are sufficient to state a cause of action, the Kaplan Defendants state that those allegations are not sufficiently certain and that Plaintiffs should be required to provide a more definite and more certain statements of allegations against these Defendants pursuant to Arkansas Rule of Civil Procedure 12.

### SECOND AFFIRMATIVE DEFENSE

The Kaplan Defendants state that some or all of the allegations contained in Plaintiffs' Complaint may be barred by the applicable statute of limitations set forth in Arkansas Code Annotated § 16-114-201 et. seq. To the extent any of the allegations contained in Plaintiffs' Complaint are outside the timeframe set forth in Arkansas Code Annotated § 16-114-201 et. seq., the Kaplan Defendants plead that those allegations are barred by the applicable statute of limitations contained therein.

### THIRD AFFIRMATIVE DEFENSE

While denying that the Kaplan Defendants were guilty of any negligence which caused or contributed to any injury or harm to Plaintiffs, the Kaplan Defendants state that to the extent that there were intervening acts that caused or contributed to harm or injury

11

to Plaintiffs, they were completely independent of the Kaplan Defendants' conduct and that the Kaplan Defendants are not responsible for those intervening acts.

## FOURTH AFFIRMATIVE DEFENSE

While denying that the Kaplan Defendants were guilty of any negligence which caused or contributed to any injury or harm to Plaintiffs herein, the Kaplan Defendants plead that there may be negligence of others and plead in contribution and/or set off or an apportionment of fault as required and allowed under Arkansas Law.

## FIFTH AFFIRMATIVE DEFENSE

The Kaplan Defendants assert that to the extent Mr. Hollis sustained any injury or damage in the course of his care and treatment with Dr. Kaplan, such injury or damage was the result of and caused by risks inherent in a pre-existing condition or the disease process itself, and Mr. Hollis' bodily process and reaction thereto and had nothing whatsoever to do with, and were not caused by any negligence or malpractice on the part of Dr. Kaplan or any agent of the Kaplan Defendants.

WHEREFORE, PREMISES CONSIDERED, the Kaplan Defendants move the Court to dismiss the Complaint filed against them, with prejudice, with all costs assessed to Plaintiffs and for such additional relief to which they may be entitled.  The Kaplan Defendants further demand a jury of twelve to try all issues joined.

Respectfully submitted,

_Claire M Cissell_

Claire M. Cissell (AR BAR #98233)
Attorney for Defendant, Bertram D. Kaplan,
M.D. and Bertram D. Kaplan, M.D., PLLC
LEWIS THOMASON
29th Floor
One Commerce Square
40 South Main Street
Memphis, Tennessee 38103
(901) 525-8721

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon counsel for plaintiffs:

| (VIA HAND DELIVERY) | (VIA U.S. MAIL) |
|---|---|
| Bobby F. Martin, Jr. | Paul Ford |
| MORGAN & MORGAN – MEMPHIS, LLC | THE FORD LAW FIRM |
| One Commerce Square, Suite 2600 | P.O. Box 1582 |
| Memphis, Tennessee 38103 | 404 S. Main Street |
| (901) 217-7000 | Jonesboro, Arkansas 72403 |
|  | (870) 935-5400 |
| (VIA U.S. MAIL) | (VIA U.S. MAIL) |
| Andrew Kanik, M.D. | CBLPath, INC. |
| c/o CBL Pathology, Inc. | CBLPath HOLDINGS CORPORATION |
| 760 Westchester Avenue | CBLPath TRANSPORT, INC. |
| Rye Brook, New York 10573 | c/o Corporation Service Company |
|  | 80 State Street |
|  | Albany, New York 12207 |

by regular U. S. Mail, postage prepaid, this 17th day of December, 2014.

_Claire M Cissell_

Claire M. Cissell

788821

13

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
SECOND JUDICIAL DISTRICT
CIVIL DIVISION

STEPHEN E. HOLLIS and his wife,                                        **PLAINTIFFS**
CHRISTY HOLLIS

vs.                                    CV2014-395

BERTRAM D. KAPLAN, M.D.,                                        **DEFENDANTS**
BERTRAM D. KAPLAN, M.D., PLLC,
ANDREW KANIK, M.D.,
CBLPath, INC.,
CBLPath HOLDINGS CORPORATION,
CBLPath TRANSPORT, INC.
JOHN DOES A through Z

## RESPONSE TO MOTION TO STRIKE, MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, the Plaintiffs, Stephen E. Hollis and his wife, Christy Hollis, by and

through their attorneys, Paul N. Ford, The Law Offices of Ford, Troutt & Cook, and

Bobby Martin, Morgan & Morgan-Memphis, LLC, and for their Response to Motion to

Strike, Motion to Dismiss and Motion for More Definite Statement, state as follows:

1.     That the averments that comprise the combined Motion to Strike and

Motion to Dismiss are without merit and unsupported by facts as required by Rule 12

ARCP. In the absence of sufficient facts to support the Motion, it should be denied.

2.     That the averments that make up the combined Motion to Dismiss and

Motion for more Definite Statement are likewise without merit and unsupported by facts

as required by Rule 12 ARCP. In the absence of sufficient facts to support the Motion, it should be denied.

3.     That these "Motions" are simply stock boilerplate insertions in the Answer and should be denied.

WHEREFORE, premises considered, Plaintiffs pray that the Defendants motion be denied, and for any and all just and proper relief for which they may show themselves entitled.

RESPECTFULLY SUBMITTED,

Law Offices of | Ford, Troutt & Cook
404 S. Main St. | P.O. Box 1409
Jonesboro | AR 72403-1409
P: 870.935.5400 / F: 870.935.7154

_____

Paul N. Ford, ABN 87060
paul@protectingusall.com
Attorneys for Petitioner

and

Bobby F. Martin, Jr.
MORGAN & MORGAN- MEMPHIS, LLC
One Commerce Square, Suite 2600
Memphis, Tennessee 38103
(901) 217- 7000

## CERTIFICATE OF SERVICE

I, Paul N. Ford, do hereby certify that I have sent the following Response via regular mail to the following parties:   *12/23/14*

Claire M. Cissell
LEWIS THOMASON
29th Floor
One Commerce Square
40 South Main Street
Memphis, TN 38103

Bryan Smith
MORGAN & MORGAN- MEMPHIS, LLC
One Commerce Square, Suite 2600
Memphis, TN 38103

Paul N. Ford



**F·T·C**
THE LAW OFFICES OF
**FORD, TROUTT & COOK**

PAUL N. FORD
paul@protectingusall.com

R. SCOTT TROUTT
scott@protectingusall.com

BRYCE D. COOK
bryce@protectingusall.com

404 S. Main St.
P.O. Box 1409
Jonesboro, AR 72403-1409

Phone: 870-935-5400
Fax: 870-935-7154

www.ProtectingUsAll.com

December 23, 2014

VIA REGULAR MAIL
Crittenden County Circuit Clerk
100 Court St.
Marion, AR 72364

2014 DEC 29   AM 9: 58

CIRCUIT COURT CLERK
CRITTENDEN COUNTY, AR

Re: Hollis v. Kaplan, M.D., et al; CV-2014-395

Dear Clerk,

Please find enclosed one original and one copy of a Response to Motion to Strike, Motion to Dismiss and Motion for More Definite Statement to be filed in the above-referenced case. Please return file-marked copy to our office in the provided envelope.

If you have any questions at all, please do not hesitate to call the office.

Sincerely,

Paul N. Ford

PNF:tds
Enclosure
CC: Bryan Smith
    Claire M. Cissell

B 151 — Affidavit of Service of Summons (Subpoena: Personal or Alternative Methods: Corp. or Ind.: Military Service, 10 pt. type, 1-95)

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

THE CIRCUIT COURT OF THE STATE OF ARKANSAS
COUNTY OF CRITTENDEN-SECOND JUDICIAL DISTRICT-CIVIL DIVISION

STEPHEN HOLLIS AND HIS WIFE, CHRISTY HOLLIS,

Plaintiff(s)

against

BERTRAM D. KAPLAN, MD, et al

Defendant(s)

Index No. CV-2014-395

**AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)
FOR MEDICAL NEGLIGENCE**

STATE OF NEW YORK, COUNTY OF PASSAIC   SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at   WAYNE, NEW JERSEY
That on 12/19/14   at 1:32P M., at   760 WESTCHESTER AVENUE, RYE BROOK, N.Y.
deponent served the within summons, and complaint on   ANDREW KANIK, MD   defendant therein named,

**INDIVIDUAL**
1. ☐ by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION**
2. ☐ a                              corporation, by delivering thereat a true copy of each to
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be                              thereof.

**SUITABLE AGE PERSON**
3. ☒ by delivering thereat a true copy of each to   NAZIA RANGREZ (CO-WORKER)   a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐ by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

(MAILED 12/19/14)

**MAILING TO RESIDENCE USE WITH 3 OR 4**
5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at                              and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
5B. ☒ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at 760 WESTCHESTER AVE, RYE BROOK, N.Y. in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3**
☒☒

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☒ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.**
☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE**
☒ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on   12/21/14

Linda Jachera Feldman
Notary Public of the
State of New Jersey
Commission Expires 12/27/2019

PRINT NAME BENEATH SIGNATURE
PETER FELDMAN
License No. 797824

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

B 151— Affidavit of Service of Summons · Subpoena, Personal or Alternative Methods: Corp. or Ind.: Military · ucc, 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

THE CIRCUIT COURT OF THE STATE OF ARKANSAS
COUNTY OF   CRITTENDEN-SECOND JUDICIAL DISTRICT-CIVIL DIVISION

Index No. CV-2014-395

STEPHEN HOLLIS AND HIS WIFE, CHRISTY HOLLIS
*Plaintiff(s)*

against

BERTRAM D. KAPLAN, MD, et al
*Defendant(s)*

*AFFIDAVIT OF*
*SERVICE OF SUMMONS*
*(AND COMPLAINT)*
FOR MEDICAL NEGLIGENCE

2014 DEC 30  AM 11:38

TERRI HOLLIS
CIRCUIT COURT CLERK
CRITTENDEN COUNTY, AR

STATE OF NEW YORK, COUNTY OF   PASSAIC   SS.: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at   WAYNE, NEW JERSEY

NEW JERSEY

That on  12/19/14          at 1:32P M., at   760 WESTCHESTER AVENUE, RYE BROOK, N.Y.
deponent served the within summons, *and complaint on* CBL PATH, INC                    defendant therein named,

INDIVIDUAL
1. ☐ by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

CORPORATION
2. ☒ a  DOMESTIC       corporation, by delivering thereat a true copy *of each* to   NAZIA RANGREZ
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be  MANAGING AGENT      thereof.

SUITABLE AGE PERSON
3. ☐ by delivering thereat a true copy *of each* to                                     a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC.
4. ☐ by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place— usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

MAILING TO RESIDENCE USE WITH 3 OR 4
5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at                                and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS USE WITH 3 OR 4
5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

DESCRIPTION USE WITH 1, 2, OR 3
☒

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☒ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

USE IN NYC CIVIL CT.
☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

MILITARY SERVICE
☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on    12/21/14

*Linda Jachera Feldman*
Notary Public of the
State of New Jersey
Commission Expires 12/27/2019

PRINT NAME BENEATH SIGNATURE
PETER FELDMAN

License No. 797824

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

B 151— Affidavit of Service of Summons—Subpoena: Personal or Alternative Methods: Corp. or Ind.: Milit rice. 10 pt. type, 1-95

© 1988 JULIUS BLUMBERG, INC. PUBLISHER, NYC 10013

THE CIRCUIT COURT OF THE STATE OF ARKANSAS
COUNTY OF CRITTENDEN—SECOND JUDICIAL DISTRICT—CIVIL DIVISION

STEPHEN HOLLIS AND HIS WIFE, CHRISTY HOLLIS,
Plaintiff(s)

*against*

BERTRAM D. KAPLAN, MD, et al
Defendant(s)

*Index No.* CV-2014-395

2014 DEC 30 AM 11:38

CIRCUIT COURT CLERK
CRITTENDEN COUNTY, AR

**AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)**
FOR MEDICAL NEGLIGENCE

STATE OF NEW YORK, COUNTY OF PASSAIC    SS.: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at WAYNE, NEW JERSEY
That on 12/19/14 at 1:32P M., at 760 WESTCHESTER AVENUE, RYE BROOK, N.Y.
deponent served the within summons, *and complaint on* CBL PATH HOLDINGS CORPORATION defendant therein named,

**INDIVIDUAL** 1. ☐ by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION** 2. ☒ a DOMESTIC corporation, by delivering thereat a true copy *of each* to NAZIA RANGREZ personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be MANAGING AGENT thereof.

**SUITABLE AGE PERSON** 3. ☐ by delivering thereat a true copy *of each* to a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.** 4. ☐ by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4** 5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4** 5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3 ☒**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☒ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.** ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

*Linda Jachera Feldman*
Notary Public of the
State of New Jersey
Commission Expires 12/27/2019

Sworn to before me on 12/21/14

PETER FELDMAN

License No. 797824

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

**B 151 —** Affidavit of Service of Summons
Methods: Corp. or Ind.: Milit    Subpoena: Personal or Alternative
vice, 10 pt. type, 1-95

© 1986 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

THE CIRCUIT COURT OF THE STATE OF ARKANSAS
<u>COUNTY OF CRITTENDEN-SECOND JUDICIAL DISTRICT-CIVIL DIVISION</u>

STEPHEN HOLLIS AND HIS WIFE, CHRISTY HOLLIS,    *Index No.* CV-2014-395

2014 DEC 30   *Plaintiff(s)*

*against*

BERTRAM D. KAPLAN, MD, et al

TERRY HAWKINS
CIRCUIT COURT CLERK
CRITTENDEN COUNTY (AR)

*Defendant(s)*

*AFFIDAVIT OF*
*SERVICE OF SUMMONS*
*(AND COMPLAINT)*

FOR MEDICAL NEGLIGENCE

STATE OF NEW YORK, COUNTY OF   PASSAIC    SS:  The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at   WAYNE, NEW JERSEY

That on 12/19/14    at 1:32P M., at   760 WESTCHESTER AVENUE, RYE BROOK, N.Y.
deponent served the within summons, *and complaint on* CBL PATH TRANSPORT, INC    defendant therein named,

**INDIVIDUAL**
1. ☐   by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION**
2. ☒☒   a DOMESTIC    corporation, by delivering thereat a true copy *of each* to NAZIA RANGREZ personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be MANAGING AGENT    thereof.

**SUITABLE AGE PERSON**
3. ☐   by delivering thereat a true copy *of each* to    a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐   by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place— usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
5a. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at    and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
5b. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at    in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3**
☒

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒☒ 5'4"-5'8" | ☒☒ 131-160 Lbs. |
| | ☒ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.**
☐   The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE**
☐   I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform.* The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

*Linda Jachera Feldman*
Notary Public of the
State of New Jersey
Commission Expires 12/27/2019

Sworn to before me on   12/21/14

PRINT NAME BENEATH SIGNATURE
PETER FELDMAN

License No. 797824

**INSTRUCTIONS:** Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.



# F·T·C

THE LAW OFFICES OF
## FORD, TROUTT & COOK

PAUL N. FORD
paul@protectingusall.com

R. SCOTT TROUTT
scott@protectingusall.com

BRYCE D. COOK
bryce@protectingusall.com

404 S. Main St.
P.O. Box 1409
Jonesboro, AR 72403-1409

Phone: 870-935-5400
Fax: 870-935-7154

www.ProtectingUsAll.com

December 29, 2014

<u>VIA REGULAR MAIL</u>
Crittenden County Circuit Clerk
100 Court St.
Marion, AR 72364

2014 DEC 30  AM 11: 36

CIRCUIT COURT CLERK
CRITTENDEN COUNTY, AR

Re: Hollis v. Kaplan, MD, et al; CV-2014-395

Dear Clerk,

Please find enclosed the following to be filed:

- One original and one copy of an Affidavit of Service of Summons for Andrew Kanik, MD

- One original and one copy of an Affidavit of Service of Summons for CBL Path, Inc

- One original and one copy of an Affidavit of Service of Summons for CBL Path Holdings Corporation

- One original and one copy of an Affidavit of Service of Summons for CBL Path Transport, Inc.

Please file and return file-marked copies to our office in the provided envelope.

If you have any questions at all, please do not hesitate to call the office.

Sincerely,

Paul N. Ford

PNF:tds
Enclosure

**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**SECOND JUDICIAL DISTRICT**
**CIVIL DIVISION**

**STEPHEN E. HOLLIS and his wife**
**CHRISTY HOLLIS**

**PLAINTIFFS**

**vs.**                    **CASE NO. CV 2014-395**

**BERTRAM D. KAPLAN, M.D.,**
**BERTRAM D. KAPLAN, M.D., PLLC,**
**ANDREW KANIK, M.D.**
**CBLPath, INC.,**
**CBLPath HOLDINGS CORPORATION,**
**CBLPath TRANSPORT, INC.**
**JOHN DOES A THROUGH Z**

**DEFENDANTS**

## NOTICE OF FILING NOTICE OF REMOVAL

To:    Clerk
       Circuit Court of Crittenden County, Arkansas
       100 Court St.
       Marion, AR 72364-1802

       Bobby F. Martin, Jr.
       MORGAN & MORGAN-MEMPHIS, LLC
       One Commerce Square, Ste. 2600
       Memphis, TN 38103

       Paul Ford
       THE FORD LAW FIRM
       P.O. Box 1582
       404 S. Main St.
       Jonesboro, AR 72403

Pursuant to 28 U.S.C. §1446(d), you are hereby notified that on January 9, 2015, a Notice

of Removal of this action was filed in the United States District Court for the Eastern District of

Arkansas, Jonesboro Division.

A copy of the Notice of Removal is attached.

1

Respectfully submitted,

FUQUA CAMPBELL, P.A.
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72201
(501) 374-0200 - Telephone
(501) 975-7153 - Facsimile

By: _____

Phil Campbell, Ark. Bar No. 81028
Eric R. Gribble, Ark. Bar No. 2002192

ATTORNEYS FOR SEPARATE DEFENDANTS
CBLPATH, INC., CBLPATH HOLDINGS
CORPORATION AND CBLPATH TRANSPORT,
INC.

LEWIS THOMASON
29th Floor
One Commerce Square
40 South Main Street
Memphis, Tennessee 38103
(901) 525-8721

By: _____

Claire M. Cissell (Ark. Bar No. 98233)

ATTORNEYS FOR SEPARATE DEFENDANTS
BERTRAM D. KAPLAN, M.D. AND BERTRAM
D. KAPLAN, M.D., PLLC

WOMACK, PHELPS & McNEILL
Century Center
301 West Washington
P.O. Box 3077
Jonesboro, AR 72403
(870) 932-0900

By: _____

Paul McNeill (Ark. Bar No. 79206)

ATTORNEYS FOR SEPARATE DEFENDANT
ANDREW KANIK, M.D.

2

## CERTIFICATE OF SERVICE

I, Phil Campbell, do hereby certify that a true and correct copy of the foregoing document was sent to the following individuals, this 9th day of January, 2015, via U.S. Mail:

Bobby F. Martin, Jr.
MORGAN & MORGAN-MEMPHIS, LLC
One Commerce Square, Ste. 2600
Memphis, TN  38103

Paul Ford
THE FORD LAW FIRM
P.O. Box 1582
404 S. Main St.
Jonesboro, AR  72403



Phil Campbell

3