IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
SECOND JUDICIAL DISTRICT
CIVIL DIVISION

| | |
|---|---|
| STEPHEN E. HOLLIS and his wife, CHRISTY HOLLIS,<br><br>Plaintiffs,<br><br>v.<br><br>BERTRAM D. KAPLAN, M.D.,<br>BERTRAM D. KAPLAN, M.D., PLLC,<br>ANDREW KANIK, M.D.,<br>CBLPath, INC.,<br>CBLPath HOLDINGS CORPORATION,<br>CBLPath TRANSPORT, INC.,<br>JOHN DOES A through Z,<br><br>Defendants. | No. CV2014-395<br><br>Jury Demanded |

## COMPLAINT FOR MEDICAL NEGLIGENCE

The plaintiffs, Stephen E. Hollis and his wife, Christy Hollis (collectively referred to as the "Plaintiffs"), by and through their attorneys, state as follows for their cause of action against the defendants, Bertram D. Kaplan, M.D., Bertram D. Kaplan, M.D., PLLC, Andrew Kanik, M.D., CBLPath, Inc., CBLPath Holdings Corporation, CBLPath Transport, Inc., and John Does A through Z (collectively referred to as the "Defendants"):

PARTIES AND VENUE

1. Stephen E. Hollis and Christy Hollis are adult residents of Marion, Arkansas.

2. Stephen E. Hollis and Christy Hollis are husband and wife, and have been so at all times relevant hereto.

3. Upon information and belief, Bertram D. Kaplan, M.D. ("Kaplan") was a medical

doctor residing and practicing in West Memphis, Crittenden County, Arkansas at all times relevant hereto.

4. Defendant Kaplan provided professional services to Stephen E. Hollis at his regular place of business, 200 South Rhodes Street, West Memphis, Arkansas, as described in greater detail below.

5. Upon information and belief, Defendant Kaplan was employed by Bertram D. Kaplan, M.D., PLLC, and acting within the course and scope of that employment with when he provided professional medical services to Stephen E. Hollis.

6. Bertram D. Kaplan, M.D., PLLC ("BDK") was a Limited Liability Company domiciled in West Memphis, Arkansas at all times relevant hereto.

7. Defendant BDK provided professional medical services to Stephen E. Hollis as described in greater detail below.

8. Defendant BDK may be served through its agent for service of process, Bertram D. Kaplan, 200 South Rhodes Street, West Memphis, Arkansas.

9. Upon information and belief, Andrew B. Kanik, M.D. ("Kanik") was a medical doctor residing and practicing in Rye Brook, New York at all times relevant hereto.

10. Defendant Kanik provided professional services to Stephen E. Hollis in West Memphis, Crittenden County, Arkansas as described in greater detail below.

11. Upon information and belief, Defendant Kanik was employed by CBLPath, Inc. and acting within the course and scope of that employment when he provided professional medical services to Stephen E. Hollis.

12. Defendant CBLPath, Inc. ("CBL"), was a Corporation domiciled in Westchester, New York, and doing business in West Memphis, Arkansas at all times relevant hereto.

13. Upon information and belief, Defendant CBL provided professional medical services to Stephen E. Hollis through its employees including, but not limited to, its staff and Defendant Kanik.

14. Defendant CBL may be served through its agent for service of process, Corporation Service Company, 80 State Street, Albany, New York.

15. Alternatively, Defendant Kanik was employed by CBLPath Holdings Corporation ("CBL Holdings") and acting within the course and scope of that employment when he provided professional medical services to Stephen E. Hollis.

16. Defendant CBLPath Holdings was a Corporation domiciled in Westchester, Delaware, and doing business in West Memphis, Arkansas at all times relevant hereto.

17. Alternatively, Defendant CBL Holdings provided professional medical services to Stephen E. Hollis through its employees including, but not limited to, its staff and Defendant Kanik.

18. Defendant CBL Holdings may be served through its agent for service of process, Corporation Service Company, 80 State Street, Albany, New York.

19. Alternatively, Defendant Kanik was employed by CBLPath Transport, Inc. ("CBL Transport") and acting within the course and scope of that employment when he provided professional medical services to Stephen E. Hollis.

20. Defendant CBLPath Transport was a Corporation domiciled in Westchester, Delaware, and doing business in West Memphis, Arkansas at all times relevant hereto.

21. Alternatively, Defendant CBL Transport provided professional medical services to Stephen E. Hollis through its employees including, but not limited to, its staff and Defendant Kanik.

22. Defendant CBL Transport may be served through its agent for service of process, Corporation Service Company, 80 State Street, Albany, New York.

23. Stephen E. Hollis was treated by other tortfeasors whose identities are unknown at this time. The Plaintiffs have designated the unknown tortfeasors with the pseudo-names John Does A through Z. These tortfeasors are individuals or entities presently unknown and whose tortious or unlawful behavior proximately caused or contributed to the injuries and damages sustained by the Plaintiffs as more fully set forth below.

24. This cause of action arises in tort and as a result of injuries and damages proximately caused by the negligence of the Defendants in Crittenden County, Arkansas.

25. This Court is a proper venue for litigation of all issues in controversy pursuant to <u>Ark. Code Ann.</u> § 16-55-213 in that this complaint is based on medical negligence as set forth below in greater detail.

26. Upon information and belief, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport marketed their services to various healthcare providers in Arkansas including, but not limited to, Defendants Kaplan and BDK.

27. Upon information and belief, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport had an ongoing contractual relationship with Defendants Kaplan and BDK whereby Defendants Kanik, CBL, CBL Holdings and/or CBL Transport agreed to provide professional pathology services to patients of Defendants Kaplan and BDK.

28. Upon information and belief, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport regularly transact business in Arkansas pursuant to the terms of their contract with Defendants Kaplan and BDK and other healthcare providers in the State.

29. At all times relevant hereto, Defendants Kanik, CBL, CBL Holdings and/or CBL Transport had substantial and sufficient contact with Arkansas such that maintenance of this action does not offend "traditional notions of fair play and substantial justice."

30. This Court has jurisdiction over the parties and subject matter involved pursuant to Ark. Code Ann. § 16-4-101 in that the incidents and injuries pleaded herein occurred in West Memphis, Crittenden County, Arkansas.

### FACTUAL BACKGROUND

31. On November 27, 2012, Defendant Kaplan took a sample of tissue from the Patient's left lower nose.

32. The tissue sample was given to Defendant Kanik for pathological examination.

33. Defendant Kanik's electronically signed his Dermatopathology Report on November 30, 2012, providing the diagnosis of "Basal Cell Carcinoma, Nodular Type."

34. Defendant Kaplan chose not to refer the Patient for Mohs micrographic surgery.

35. Instead, Defendant Kaplan performed a curettage and electrodessication on December 4, 2012 based, in part, on the diagnosis provided by Defendant Kanik.

36. Defendant Kaplan did not obtain informed consent before performing the surgery.

37. The Patient followed up with Defendant Kaplan on August 5, 2014, at which time Defendant Kaplan noted "[e]rythema on lower nose on left."

38. Defendant Kaplan's note indicates "[w]ill watch treated site on lower nose. If involved site continues to crust or scab over, he will return for biopsy."

39. The Patient followed up with Defendant Kaplan on October 31, 2013, for a "[k]eratotic crusted lesion, lower nose on left."

40. Defendant Kaplan obtained another tissue biopsy, which was sent to Defendant Kanik for pathological evaluation and interpretation.

41. Defendant Kanik signed Dermatopathology Report on November 5, 2013, giving a diagnosis of "Basal Cell Carcinoma, Nodular Type."

42. The Patient returned to Defendant Kaplan on November 7, 2013, at which time Defendant Kaplan "[s]uggested wider excision by a general surgeon."

43. The Patient sought treatment from Dr. Malika Tuli.

44. After obtaining informed consent, Dr. Malika Tuli performed Mohs micrographic surgery to remove "a longstanding basal cell carcinoma of the left ala" on January 9, 2014, at the Mid-South Dermatology and Skin Cancer Center.

45. Dr. Malika Tuli diagnosed "infiltrating basal cell carcinoma."

46. Dr. Malika Tuli was required to remove a large portion of the Patient's nose, resulting in permanent disfigurement.

47. The Patient has incurred, and will continue to incur, expenses for medical care as a result of the Defendants' negligence.

48. The Patient has endured pain, suffering and mental anguish (past and future) as a proximate result of the Defendants' negligence.

49. The Patient has suffered permanent scaring, disfigurement and visible results of his injuries resulting from the Defendants' negligence.

50. Christy Hollis had endured the loss of services, society, companionship and marriage relationship as a proximate cause of the Defendants' negligence.

## COUNT I – NEGLIGENCE

51. At all times relevant hereto, the Defendants owed a duty to the Plaintiffs to provide professional services in accordance with the recognized standard of care.

52. Defendant Kaplan, individually and/or vicariously, by or through his agents, servants and employees, is guilty of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiffs' harms and losses:

    a. Negligently and carelessly failing to exercise that degree of care and skill required of a reasonable and prudent healthcare practitioners under the same or similar circumstances in cities such as West Memphis, Crittenden County, Arkansas;

    b. Negligently and carelessly deviating from the recognized standard of acceptable professional practice required and expected of Defendants under the circumstances that existed at all times relevant hereto;

    c. Negligently and carelessly misdiagnosing the Patient's infiltrating basal cell carcinoma on or about December 4, 2012;

    d. Negligently and carelessly failing to perform Mohs micrographic surgery on December 4, 2012;

    e. Negligently and carelessly failing to obtain informed consent from the Patient before performing surgery on December 4, 2012;

    f. Negligently and carelessly failing to assess, evaluate, diagnose and/or treat the Patient's condition in a timely manner after December 4, 2012; and

    g. Negligently and carelessly failing to possess and use the that degree of care and skill required of a reasonable and prudent healthcare practitioners under the same or similar circumstances in cities such as West Memphis, Crittenden County, Arkansas; and

    h. As otherwise shown through discovery.

53. Defendant BDK is vicariously liable for any negligence on the part of its employees including, but not limited to, its nursing/office staff and Defendant Kaplan.

54. Defendant Kanik, individually and/or vicariously, by or through his agents, servants and employees, is guilty of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiffs' harms and losses:

    a. Negligently and carelessly deviating from the recognized standard of acceptable professional practice required and expected of Defendants under the circumstances that existed at all times relevant hereto;

    b. Negligently and carelessly misdiagnosing the Patient's infiltrating basal cell carcinoma on or about November 30, 2012;

    c. Negligently and carelessly failing to possess and use the that degree of care and skill required of a reasonable and prudent healthcare practitioners under the same or similar circumstances; and

    d. As otherwise shown through discovery.

55. Defendant CBL is vicariously liable for the negligence of its agents and employees including, but not limited to, its staff and Defendant Kanik.

56. Alternatively, Defendant CBL Holdings is vicariously liable for the negligence of its agents and employees including, but not limited to, its staff and Defendant Kanik.

57. Alternatively, Defendant CBL Transport is vicariously liable for the negligence of its agents and employees including, but not limited to, its staff and Defendant Kanik.

58. Plaintiffs suffered injuries which would not have otherwise occurred as a proximate result of the negligent acts and omissions of Defendants.

59. The Plaintiffs have sustained harms, losses and damages as a direct and proximate result of the Defendants' negligence.

60. The Patient is entitled to recover for the reasonable expense for all medical care, treatment and services necessitated by the Defendants negligence (past and future); pain, suffering and mental anguish (past and future) caused by the Defendants' negligence; scars,

disfigurement and visible results of his injuries resulting from the Defendants' negligence; and other damages allowed by law.

61. Christy Hollis is entitled to compensation for the loss of services, society, companionship and marriage relationship proximately caused by the Defendants' negligence.

62. Plaintiffs demand a jury trial.

WHEREFORE, the plaintiffs, Stephen E. Hollis and Christy Hollis, sue the Defendants herein for the following:

1. Compensatory damages in an amount to be determined by the jury in an amount in excess of that necessary to establish federal court diversity jurisdiction;

2. Costs herein; and

3. For all such other and further relief, general and specific, legal and equitable, to which the Plaintiffs are entitled.

Respectfully submitted,

Bobby F. Martin, Jr. (Ar. Bar No. 2008111)
**MORGAN & MORGAN – MEMPHIS, LLC**
One Commerce Square, Suite 2600
Memphis, Tennessee 38103
(901) 217-7000 – Telephone
(901) 333-1897 – Facsimile

Paul Ford (Ar. Bar No. 87060)
**THE FORD LAW FIRM**
P.O. Box 1582
404 S. Main Street
Jonesboro, Arkansas 72403
(870) 935-5400