IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STEPHEN E. HOLLIS AND
CHRISTY HOLLIS                                                                                      PLAINTIFFS

v.                                    Case No. 3:15-CV-0005-KGB

BERTRAM D. KAPLAN,
BERTRAM D. KAPLAN MD PLLC,
ANDREW KANIK, CBLPATH INC.,                                                              DEFENDANTS

## ORDER

Before the Court are a motion for more definite statement, motion to strike, and motion to dismiss filed by defendants Bertram D. Kaplan and Bertram D. Kaplan MD PLLC (collectively "Dr. Kaplan") (Dkt. No. 3).  Plaintiffs Stephen Hollis and Christy Hollis have responded to Dr. Kaplan's motions (Dkt. No. 4).  For the following reasons, the Court denies without prejudice Dr. Kaplan's motions (Dkt. No. 3).

The Hollises originally filed this action on November 14, 2014, in the Circuit Court of Crittenden County, Arkansas.  Defendants removed this action to this Court on January 9, 2015.  In his answer to the Hollises' complaint, which Dr. Kaplan originally filed in state court, Dr. Kaplan moves "to strike Plaintiffs' pleading immaterial and impertinent matters as to Bertram D. Kaplan, M.D., PLLC" and "to dismiss the complaint in its entirety as to Bertram D. Kaplan, M.D., PLLC as it fails to state a claim upon which relief may be granted as to that Defendant" (Dkt. No. 3, at 2).  Dr. Kaplan states that he "was not acting within the course or scope of any employment with Bertram D. Kaplan, M.D., PLLC, at any time when he provided care and treatment to Mr. Hollis" (*Id.*).

Dr. Kaplan's "first affirmative defense and motion to dismiss" assert that the Hollises' complaint "fail[s] to state a cause of action pursuant to Arkansas Rule of Civil Procedure 12(b),"

or alternatively, "that those allegations are not sufficiently certain and that Plaintiffs should be required to provide a more definite and more certain statement of allegations against these Defendants" (*Id.* at 11). Dr. Kaplan also makes four other affirmative defenses, including that the Hollises' claims "may be barred by the applicable statute of limitations" (*Id.*).

In their response, the Hollises state that "the averments that comprise the combined Motion to Strike and Motion to Dismiss are without merit and unsupported by facts as required by Rule 12 ARCP. In the absence of sufficient facts to support the Motion, it should be denied. . . . [T]he averments that make up the combined Motion to Dismiss and Motion for more Definite Statement are likewise without merit and unsupported by facts as required by Rule 12 ARCP" (Dkt. No. 4, at 1).

"The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 324, 438 (1974). Under Rule 12(e) of the Federal Rules of Civil Procedure, when a party moves for a more definite statement, "[t]he motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A party may assert a motion to dismiss for failure to state a claim upon which relief can be granted in a responsive pleading or by separate motion. Fed. R. Civ. P. 12(b)(6). For any of these motions, the Local Rules for this Court require that the motions "shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law." Fed. Dist. Ct. E.D. Ark. Local Rule 7.2.

In this case, Dr. Kaplan does not support the motions in his responsive pleading with any facts, law, or analysis, nor does he support his motions with a brief in support. Dr. Kaplan only makes conclusory arguments in support of his motions. For example, Dr. Kaplan's motion for a more definite statement fails to point out specific defects complained of and to provide any specific details that he desires. Likewise, Dr. Kaplan's motion to strike provides no specifics as to what, specifically, Dr. Kaplan believes is redundant, immaterial, impertinent, or a scandalous matter in the Hollises' complaint that he seeks this Court to strike, and, from reviewing the face of the complaint, the Court does not identify without further facts, law, or analysis from the parties any such allegations that should be struck. Finally, Dr. Kaplan provides no factual or legal support for his motion to dismiss for failure to state a claim upon which relief may be granted. Dr. Kaplan only asserts conclusory defenses. The Court has insufficient information, facts, law, or analysis upon which to analyze Dr. Kaplan's motion to dismiss. For all of these reasons, the Court denies without prejudice Dr. Kaplan's motion for more definite statement, motion to strike, and motion to dismiss for failure to state a claim upon which relief may be granted (Dkt. No. 3).

SO ORDERED this 22nd day of September, 2015.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge